ORDERED.

Dated: February 12, 2016

_Karen S. Jennemann_
Karen S. Jennemann
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In re ) | |
| ) | |
| WILLIAM J. REYNOLDS, ) | Case No. 6:14-bk-13202-KSJ |
| ) | Chapter 7 |
| Debtor. ) | |
| ) | |
| LEE REYNOLDS a/k/a/ LEONNE ) | |
| REYNOLDS, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Adversary No. 6:15-ap-00010-KSJ |
| ) | |
| WILLIAM J. REYNOLDS, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

Debtor and Defendant, William Reynolds[1], was married to the Plaintiff, Lee Reynolds, for 43 years before they divorced. Plaintiff now asks me to determine whether three judgments

---

[1] Main Case No. 6:14-bk-13202-KSJ, Doc. No. 1. Defendant filed his petition initiating this Chapter 7 bankruptcy case on December 4, 2014.

entered by a New York state court are discharged. After trial[2], I find only one of the judgments is not dischargeable under § 523(a)(15) of the Bankruptcy Code.[3]

In the New York divorce action[4], the parties settled their differences and entered into a Settlement Agreement on July 9, 2009.[5] The Settlement Agreement divided their property and listed the obligations of each spouse.[6] The Settlement Agreement expressly waived alimony, maintenance, or support.[7]

The State Court incorporated the Settlement Agreement into its Divorce Judgment[8] stating:

> [The Settlement Agreement] shall survive and not be merged in this judgment, and the parties hereby are directed to comply with all legally enforceable terms and conditions of said [Settlement Agreement] as if such terms and conditions were set forth in their entirety [in the Divorce Judgment], and this Court retains jurisdiction of this matter concurrently with the Family Court for the purposes of specifically enforcing such of the provisions of said [Settlement Agreement]  . . . the marital property shall be distributed as set forth in the [Settlement Agreement] as an equitable distribution . . . [and] shall be in full and complete satisfaction of all claims either party shall have against the other under Section 236B of the Domestic Relations law, and each party is declared and adjudged to be the owner of the aforesaid assets free and clear of any claim that either party may assert against the other . . .

---

[2] Doc. No. 29. The trial was held on December 9, 2015. Plaintiff did not attend or testify. The parties consented to the admission of a single exhibit (Doc. No. 32). Debtor, Mr. Reynolds, also testified. The Court notes that the one joint exhibit was the Plaintiff's Affidavit submitted in support of her prior Motion for Summary Judgment (Doc. No. 7), that the Court denied (Doc. No. 18). So, the Court previously explained that the Plaintiff's affidavit alone was insufficient to resolve material factual disputes; yet the Plaintiff presented no new evidence or explanation to support her allegations.

[3] All references to the Bankruptcy Code refer to 11 U.S.C. § 101, *et seq*.

[4] Case No. 203428/2007, filed in Nassau County, New York in 2007. (Doc. No. 32, P. 2).

[5] Doc. No. 32, Exh. A.

[6] *Id*.

[7] *Id*., Exh. A at P. 13. Article IX of the Settlement Agreement contains an express waiver of "maintenance or spousal support." Each party signed the waiver provision as "evidence" that the waiver was "made knowingly, consciously, and after careful consideration by the parties of their present and future earning capacity and after advi[c]e of counsel as to the ramifications of said waiver."  As such, no "domestic support obligation", as defined in §101(14A) of the Bankruptcy Code arose.  The Court reaches this conclusion acknowledging that the parties inserted a provision in the Settlement Agreement that the obligations are "intended to be maintenance and not dischargeable in any bankruptcy proceeding."  Such labels although perhaps instructive are not determinations of whether an obligation is a "domestic support obligation", which is defined by federal law. *Cummings v. Cummings*, 244 F.3. 1263, 1265 (11th Cir. 2001).  Here, the obligations are property divisions, not domestic support obligations.

[8] Doc. No. 32, Exh. B. The Divorce Judgment was entered on November 24, 2009.

After the Divorce Judgment, the parties continued their disputes, at least one of which arose under the Settlement Agreement. Based on the woefully inadequate record before the Court, the three judgments appear to relate to: (1) A judgment for $6,460.10 attributable to the Debtor's failure to turnover several mortgage payments to the Plaintiff, as required under the Settlement Agreement (the "Mortgage Judgment")[9]; (2) a judgment for $11,607.88 for unidentified "back taxes" apparently assessed in 2014, long after the Settlement Agreement and Divorce Judgment (the "Tax Judgment")[10]; and (3) a judgment, entered on December 10, 2014, *after* this bankruptcy case was filed, for $19,187.50 for unspecified legal fees (the "Fee Judgment").[11] Plaintiff argues all three judgments are not dischargeable under §523(a)(5 or 15) of the Bankruptcy Code. I find *only* the Mortgage Judgment not dischargeable under §523(a)(15).

On the ***Mortgage Judgment***, Article VIII of the Settlement Agreement, titled "Equitable Distribution/Property Settlement" in paragraph 21 refers to a mortgage.[12] Defendant, acting against his best interest, voluntarily testified this mortgage encumbered real property in upstate New York that the parties, at one point, hoped to use for a retirement home. Upon the divorce, the parties agreed in the Settlement Agreement that the Plaintiff would receive ongoing mortgage payments of approximately $1,300/ month, and the Defendant/Debtor would receive the final balloon payment of $161,000. Defendant acknowledged he received four or five mortgage payments that he did not send to the Plaintiff, as required by the Settlement Agreement, because she "owed" him for other unspecified amounts. The Mortgage Judgment for $6,460.10 represents an award of the monies due to the Plaintiff under the Settlement Agreement for these

---

[9] Doc. No. 32, Exh. C. The Mortgage Judgment was entered on February 24, 2014.
[10] Doc. No. 32, Exh. D. The Tax Judgment was entered on November 12, 2014.
[11] Doc. No. 31, Exh. F.
[12] Doc. No. 32, Exh. A, Paragraph 21.

mortgage payments unjustly held by the Defendant. The Court notes that, but for the Defendant's voluntary testimony, she would have had no way to connect the Mortgage Judgment with the Settlement Agreement and appreciates the Defendant's candor.

Bankruptcy gives an honest debtor a fresh start by relieving the burden of indebtedness.[13] Courts typically construe objections to discharge or to the dischargeability of a particular debt liberally in favor of the debtor and strictly against the objecting party.[14] Plaintiff must prove her claim by a preponderance of the evidence that the Defendant is not entitled to discharge the judgments.[15]

Section 523(a)(15) excepts from discharge any debt owed:

> [T]o a spouse, former spouse, or child of the debtor and not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record or, a determination made in accordance with State or territorial law by a governmental unit.[16]

Courts typically rely on § 523(a)(15) when former spouses divide property or have other disputes that do *not* involve domestic support obligations made non-dischargeable in § 523(a)(5) of the Bankruptcy Code.[17] Both the legislative history[18] of the Bankruptcy Code amendments and case

---

[13] *Perez v. Campbell*, 402 U.S. 637, 648, 91 S. Ct. 1704, 1710-11, 29 L. Ed. 2d 233 (1971).
[14] *Reynolds v. Trafford (In re Trafford)*, 377 B.R. 387, 392 (Bankr. M.D. Fla. 2007). *See also Coady v. D.A.N. Joint Venture III, L.P. (In re Coady)*, 588 F.3d 1312, 1315 (11th Cir. 2009) (quoting *Jennings v. Maxfield (In re Jennings)*, 533 F.3d 1333, 1338-39 (11th Cir. 2008)).
[15] *Grogan v. Garner*, 498 U.S. 279, 286-87, 111 S. Ct. 654, 659, 112 L. Ed. 2d 755 (1991); Fed. R. Bankr. P. 4005.
[16] 11 U.S.C § 523(a)(15).
[17] *Taylor v. Taylor (In re Taylor)*, 737 F.3d 670, 682 (10th Cir. 2013) ("[D]ebt arising from the overpayment of spousal support is nondischargeable" under Section 523(a)(15) but not Section 523(a)(5)); *Francis v. Wallace (In re Francis)*, 505 B.R. 914, 921-22 (B.A.P. 9th Cir. 2014) (hold harmless provision in marital settlement agreement created non-dischargeable debt, not in nature of support, under Section 523(a)(15)); *Swiatowiec v. Swiatowiec (In re Swiatowiec)*, No. 11-21558 (ASD), 2015 WL 5601421, at *2 (Bankr. D. Conn. Mar. 3, 2015) (separation agreement providing no alimony payments but dividing property interests created non-dischargeable monetary obligations under Section 523(a)(15)); *Shaver v. Shaver (In re Shaver)*, No. 13-51460, 2014 WL 3849687, at *4 (Bankr. W.D. Va. Aug. 5, 2014) (monthly obligation to pay ex-spouse so that ex-spouse could pay back debt the couple owed to parents non-dischargeable under Section 523(a)(15)); *Rackley v. Rackley (In re Rackley)*, 502 B.R. 615, 626 (Bankr. N.D. Ga. 2013) ("[S]anctions . . . constitute nondischargeable debts under section 523(a)(15) [and not 523(a)(5)] because they are owed to . . . former spouse of Defendant, the debts were incurred . . . in a domestic relations dispute

law[19] referring to this section illustrate that § 523(a)(15) is broadly and liberally construed to encourage payment of familial obligations rather than to give a debtor a fresh financial start.

Here, the Settlement Agreement required the Defendant to turn over the mortgage payments to the Plaintiff.  He confirmed in his own testimony he did not make these payments.  Instead he retained the monies, arguably because of a debt the Plaintiff owed to him. The Mortgage Judgment was entered to enforce terms of the Settlement Agreement entered in the parties' divorce, and is *not* dischargeable under §523(a)(15) of the Bankruptcy Code.  The Court however cannot reach a similar conclusion on the other two judgments:  the Tax Judgment and the Fee Judgment.

On the ***Tax Judgment***, the Settlement Agreement provides that the Plaintiff was to retain the marital home, and that, as of July 1, 2009, she was "fully and solely responsible for paying all…taxes" on the marital home.[20]   The parties agreed that past due real estate taxes relating to

---

involving the modification of a judgment in the prior divorce case, and the debts arose from an order of a court of record.").

[18] "Section 215(3) amends section 523(a)(15) to provide that obligations to a spouse, former spouse, or a child of the debtor (not otherwise described in section 523(a)(5)) incurred in connection with a divorce or separation or related action are nondischargeable irrespective of the debtor's inability to pay such debts." H.R. Rep. No. 109-31, at 61 (2005).

[19] *Adam v. Dobin (In re Adam)*, BAP No. CC-14-1416-PaKiTa, 2015 WL 1530086, at *6 (B.A.P. 9th Cir. Apr. 6, 2015) ("[T]he trend in recent case law is to construe § 523(a)(15) expansively to cover a broader array of claims related to domestic relations within the discharge exception."); *Taylor v. Taylor (In re Taylor)*, 478 B.R. 419, 427 (B.A.P. 10th Cir. 2012), *aff'd*, 737 F.3d 670 (10th Cir. 2013) ("[E]xceptions to discharge under § 523(a)(15) are construed more liberally than other provisions of § 523."); *Prensky v. Clair Greifer LLP*, Civ. A. No. 09-6200 (FLW), 2010 WL 2674039, at *3 (D.N.J. June 30, 2010) ("The §§ 523(a)(5) and (a)(15) exceptions from discharge are . . . construed more liberally than other Section 523 exceptions."); *McLain v. McLain (In re McLain)*, 533 B.R. 735, 741 (Bankr. C.D. Ill. 2015) ("[T]he policy underlying section 523(a)(5) and (a)(15) favors the enforcement of familial obligations over a fresh start for the debtor."); *Bernritter v. Bernritter (In re Bernritter)*, Adv. No. 13-6115, 2014 WL 2718592, at *2 (Bankr. D. Kan. June 10, 2014) ("Although most § 523(a) exceptions to discharge are strictly construed in favor of the debtor, 'exceptions to discharge under § 523(a)(15) are construed more liberally than other provisions of § 523.'") (internal citations omitted); *Baker v. Baker (In re Baker)*, Adv. No. 12-1302 T, 2013 WL 2606406, at *3 (Bankr. D.N.M. June 11, 2013) ("Exceptions to discharge under § 523(a)(15) are construed more liberally than other provisions of § 523."). *See also Gilman v. Golio (In re Golio)*, 393 B.R. 56, 61 (Bankr. E.D.N.Y. 2008) ("The enactment of subsection 523(a)(l5) and the increase in the scope of the discharge exception effected by the 2005 amendments, expresses Congress's recognition that the economic protection of dependent spouses and children under state law is no longer accomplished solely through the traditional mechanism of support and alimony payments.") (quoting Collier on Bankruptcy ¶ 523.23 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.) (internal quotation marks omitted)).

[20] Doc. No. 32, Exh. A, Paragraphs 5, 15 and 16.

the marital home would primarily be paid by monies held in escrow by a local lawyer and by equal contributions between the parties.[21]  Defendant's unrebutted testimony was these taxes were paid in full and that he had no further obligation to pay any taxes later accruing on the marital home.  His testimony follows the Settlement Agreement, and the Plaintiff provided no explanation other than submitting the inexplicable Tax Judgment, which appears inconsistent with the Settlement Agreement.  Perhaps there is an explanation, but the Plaintiff utterly failed to provide one and failed to meet her burden of showing why the Tax Judgment is not discharged under §523(a)(15).

On the *Fee Judgment*, two provisions in the Settlement Agreement are relevant. The first provision allows a party to seek the recovery of legal fees and costs if required to enforce the Settlement Agreement.[22] The second provision provides that each party is "solely responsible for his or her own attorney's fees."[23]  On December 10, 2014, the State Court entered the Fee Judgment that stated:

> Plaintiff moves by notice of motion for an order of this court awarding her legal fees she actually incurred in the amount of $19,187.50 in connection with her application to enforce this court's judgment of divorce. . . . [T]he parties entered into a post-judgment stipulation, resolving the issues raised in the motions in chief, dated September 14, 2014, except for the issues of Plaintiff's application for counsel fees which the parties agreed would be submitted on papers.[24]

Plaintiff did not submit her application for fees, the parties' "post-judgment stipulation, resolving the issues raised in the motions in chief," or any explanation why fees were due other than the State Court's reference to the default provision of the Settlement Agreement.[25] Defendant's unrebutted testimony was that he was not responsible for any legal fees to the Plaintiff.  Again,

---

[21] Doc. No. 32, Exh. A, Paragraph 22.
[22] Doc. No. 32, Exh. A, Article VII.
[23] Doc. No. 32, Exh. A, Article XIII.
[24] Doc. No. 32, Exh. F.
[25] *Id*.

Plaintiff provided no response or explanation why the Fee Judgment is not dischargeable under §523(a)(15) and has failed to meet her burden of proof. [26]

The Fee Judgment also was entered in violation of the automatic stay imposed under §362 of the Bankruptcy Code.  The Fee Judgment was entered on December 10, 2014, *after* Defendant had filed his bankruptcy petition on December 4, 2014. Under Section 362(a) of the Bankruptcy Code, the automatic stay instantaneously arises upon filing a bankruptcy petition and works to protect the debtor and the property of the debtor's estate from the claims of competing creditors racing to gain an advantage. The stay encompasses virtually every effort a creditor may take to collect a claim against a debtor in bankruptcy; such as getting a judgment for attorney fees. All judicial proceedings commenced pre-petition against the debtor must cease. All attempts to collect on pre-petition claims and any act to obtain possession of or exercise control over property of the estate must stop. The automatic stay is effective against the world regardless of whether a party had notice of the bankruptcy filing or of the automatic stay.[27]

In the Eleventh Circuit, actions taken in violation of the automatic stay are void *ab initio* and therefore without effect.[28] This includes orders entered by state courts.[29] No exception to the automatic stay applies in this case because no domestic support obligations are present.  Section 362(b)(iv) specifically provides that actions to divide property between divorcing spouses are restricted by the constraints of the automatic stay. Because the only clear evidence on record is the post-petition Fee Judgment entered by the State Court on December 10, 2015, assumably

---

[26] *Grogan*, 498 U.S. at 286-87; Fed. R. Bankr. P. 4005.
[27] *Morris v. Peralta (In re Peralta)*, 317 B.R. 381, 389 (9th Cir. BAP 2004).
[28] *United States v. White*, 466 F.3d 1241, 1244 (11th Cir. 2006) (citing *Borg–Warner Acceptance Corp. v. Hall*, 685 F.2d 1306, 1308 (11th Cir. 1982)).
[29] *In re Clarke*, 373 B.R. 769, 771 (Bankr. S.D. Fla. 2006) (citing *Albany Partners, Ltd. v. W.P. Westbrook, Jr.* (*In re Albany Partners, Ltd.*), 749 F.2d 670, 675 (11th Cir.1984)).

unintentionally and without actual knowledge of this bankruptcy case, the Fee Judgment is void *ab initio* and without any legal effect.

In summary, the Mortgage Judgment for $6,460.10 is not discharged under §523(a)(15) of the Bankruptcy Code, but the Tax Judgment and the Fee Judgment are not enforceable due to the Discharge[30] entered on March 4, 2015.  A separate Final Judgment consistent with these Findings of Fact and Conclusions of Law shall be entered.

###

Stanley Andrews, Attorney for Defendant, is directed to serve a copy of this Order/Memorandum Opinion on interested parties and file a proof of service within 3 days of entry of the Order/Memorandum Opinion.

---

[30] Doc. No. 9 in the Main Case:  14-bk-13202.